UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER GIERER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-1382 CAS |
| | ) |
| REHAB MEDICAL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Medical Records (Doc. 67) and Defendant's Motion to Conduct Rule 35 Mental Examination of Plaintiff (Doc. 70). The motions are fully briefed and ready for decision. The Court normally rules on discovery motions only at its monthly discovery motion docket, but reserves the right to issue a written ruling at its discretion. In the instant case, the Court finds the parties' briefing fully explains the issues in dispute and oral argument is not needed to inform the Court's ruling.

**Background**

Plaintiff Jennifer Gierer is a former employee of Defendant Rehab Medical, Inc. In her Second Amended Complaint, Plaintiff alleges that Defendant retaliated against her and ultimately terminated her employment after she alleged that Defendant had engaged in Medicare fraud, and she seeks damages for, among other things, mental and emotional distress. (Doc. 17 at 36). Plaintiff also alleges that she suffered emotional distress as a proximate and actual result of Defendant's improper conduct. (Id. at 45).

Defendant served interrogatories upon Plaintiff which inquired into her alleged mental and emotional distress. Defendant also submitted a request for production, seeking Plaintiff's medical

records from January 1, 2005 to the present. The interrogatories and the request for production at issue are as follows:

> Interrogatory No. 22:
>
> > With respect to Plaintiff's allegations that she suffered emotional distress, describe the nature of each injury, including but not limited to, how each symptom occurred and/or manifested, state whether Plaintiff received treatment for said distress, and identify the medical provider(s) from who(m) Plaintiff received treatment for said distress.
>
> Interrogatory No. 23:
>
> > Identify each medical or health care provider, including but not limited to, health care institutions, hospitals, clinics, physicians, psychologists, psychiatrists, chiropractors, or any other provider, consulted by Plaintiff and/or which treated Plaintiff, at any time, from and after January 1, 2005, and state generally what Plaintiff received treatment for from each.
>
> Request for Production No. 33:
>
> > All medical records, reports, charts or notations of any kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, counselor, social worker, psychiatrist, psychologist or any other person having occasion to treat, examine or care for Plaintiff from January 1, 2005, to present and additionally, Plaintiff is requested to execute the medical records release attached hereto to enable Rehab Medical to acquire such documents.

In her sworn response to Interrogatory No. 22, Plaintiff stated that she "suffers with severe depression, anxiety, insomnia" and that she "receives (and received) treatment from Cathy Neubauer, psychiatrist and Julie Probus-Schad, psychologist for said conditions." (Doc. 68 Attach. 1). Plaintiff objected to Interrogatory No. 23 and provided no response. Plaintiff objected to Request No. 33 on the grounds that it was overbroad, and refused to provide the requested release for medical records. However, Plaintiff later produced redacted medical records from a previously unidentified medical provider, Georgia Jones, M.D. of Psych Care Consultants.

2

In its Motion to Compel Plaintiff's Medical Records (Doc. 67), Defendant seeks to compel Plaintiff to: (1) respond to Defendant's Interrogatory Nos. 22 and 23; and (2) provide a full and complete response to Defendant's Request for Production No. 33 and all requested information and documents, including authorizations for medical record collection, regarding any medical treatment received by Plaintiff from January 1, 2005 to present. Defendant also seeks the imposition of sanctions requiring Plaintiff to pay Defendant's reasonable expenses, including attorneys' fees, arising out of the instant motion.

Plaintiff filed Suggestions in Opposition to Defendant's Motion to Compel. Regarding Interrogatories 22 and 23, Plaintiff argues Defendant's motion should be denied because the number of interrogatories Defendant propounded exceeds the 25-interrogatory limit of Fed. R. Civ. P. 33. Plaintiff also argues that Defendant's request for medical records is overbroad, and argues that the only discoverable records are those concerning treatment she "received for emotional distress flowing from her employment and retaliatory discharge from Defendant." (Doc. 75 at 3).

**Legal Standard**

The Supreme Court has recognized the psychotherapist-patient privilege in federal cases, see Jaffee v. Redmond, 518 U.S. 1, 15 (1996), but has not addressed whether that privilege is waived by a plaintiff who places his or her medical condition at issue. In Schoffstall v. Henderson, 223 F.3d 818 (8th Cir. 2000), the Eighth Circuit clearly rejected a narrow approach to waiver of the psychotherapist-patient privilege, noting that:

> Numerous courts since Jaffee have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue. See Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997); Vann v. Lone Star Steakhouse & Saloon, Inc., 967 F. Supp. 346, 349–50 (C.D. Ill. 1997); EEOC v. Danka

3

<pre>                     Indus., Inc., 990 F. Supp. 1138, 1142 (E.D. Mo. 1997); Jackson v.
                     Chubb Corp., 193 F.R.D. 216, 225 (D.N.J. 2000).</pre>

Id. at 823. Having noted that Schoffstall characterized her emotional distress as extreme, the Court concluded: "[f]inding these cases persuasive, we agree that by placing her medical condition at issue, Schoffstall waived the psychotherapist-patient privilege." Id.

In the case at bar, Plaintiff is not alleging mere garden-variety emotional distress. Plaintiff characterizes her mental and emotional distress as "severe," states that she is engaged in ongoing psychiatric and psychological treatment, and refers to her mental and emotional distress in the present tense. (Doc. 68 Attach. 1). She also alleges that Defendant's conduct is the proximate cause of her mental and emotional distress. (Doc. 17 at 45). She is therefore deemed to have placed her mental state at issue, and her medical records are discoverable.

Plaintiff's statement that Defendant is entitled to receive only those records which document treatment she "received for emotional distress flowing from her employment and retaliatory discharge from Defendant" is not compelling. If Plaintiff makes a sufficient showing on this issue at trial, Defendant will bear the burden of showing, among other things, that factors other than its conduct contributed to Plaintiff's psychological state. See Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1294-95 (8th Cir. 1997) (once a plaintiff has shown that an act of discrimination is a substantial factor in causing emotional harm, the burden is on defendant to show that the damages are divisible and that outside factors contributed to them). Also, as this Court has previously determined, when a plaintiff seeks damages for emotional distress, her "medical records are discoverable to determine whether [her] past medical history contributed to her claimed emotional distress." Calder v. TCI Cable Vision of Mo., 2001 WL 991459, *1 (E.D. Mo. July 21, 2000) (citing EEOC v. Danka Indus., Inc., 990 F. Supp. 1138, 1142-43) (E.D. Mo. 1997)). Allowing Plaintiff "to

hide . . . behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." Sarko, 170 F.R.D. at 130 (quoting Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 145 (E.D. Pa. 1993)).

Plaintiff's suggestion that Defendant propounded too many interrogatories is not well taken. Attached to Plaintiff's Suggestions in Opposition are her responses and objections to Defendant's interrogatories, review of which shows that Defendant propounded 24 interrogatories. (Doc. 75, Attach. 1). Each of Defendant's interrogatories were single paragraphs presenting a single primary question, with no enumerated subparts. Furthermore, Plaintiff did not, upon receiving the interrogatories, object or move for a protective order based upon the number of interrogatories. Instead, she answered some, and refused to answer others.

Balancing the interests of the parties in this case, the Court concludes that while Plaintiff will be compelled to produce the discovery Defendant seeks, the Court expressly reserves judgment as to whether the records can be used at trial. Eggering v. MHP, Inc., 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011) (rejecting argument that seeking recovery for only garden-variety claims of emotional distress barred discovery, but expressly reserving judgment as to whether the records could be used at trial).

**Defendant's Motion To Conduct Rule 35 Mental Examination of Plaintiff (Doc. 70)**

In Defendant's Motion to Conduct Rule 35 Mental Examination of Plaintiff (Doc. 70), Defendant seeks to compel Plaintiff to submit for a mental examination, the scope of which is to "ascertain the nature and extent of Plaintiff's mental damages, if any, and whether same are attributable to acts by Defendant as Plaintiff has alleged in her Second Amended Complaint." (Doc.70, Attach. 2). Plaintiff objects, stating that she is asserting only "garden variety" emotional distress, and such an examination is therefore not warranted. The Court disagrees.

5

Rule 35, Fed. R. Civ. P., requires an affirmative showing by the movant that the mental or physical condition or injury as to which the examination is sought is genuinely in controversy, and that good cause exists for ordering the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964) (holding that the "in controversy" and "good cause" requirements of Rule 35 were not satisfied by conclusory allegations in the pleadings, but required an affirmative showing that the condition as to which the examination is sought is genuinely in controversy, and that good cause exists for ordering such examination). District courts are accorded wide discretion in dealing with discovery matters. Centrix Financial Liquidating Trust v. National Union Fire Ins. Co. of Pittsburgh, PA, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988)).

Based upon Schlagenhauf and the discussion herein, *supra*, the Court concludes Defendant has affirmatively demonstrated that Plaintiff's mental condition is genuinely in controversy, and has shown good cause for conducting a psychological examination. In Plaintiff's Second Amended Complaint, she seeks damages from Defendant due to mental and emotional distress, and alleges that Defendant's conduct is the proximate cause of such distress. In her sworn response to Interrogatory No. 22, Plaintiff characterizes her mental and emotional distress as "severe," states that she is engaged in ongoing psychiatric and psychological treatment, and refers to her mental and emotional distress in the present tense. (Doc. 68 Attach. 1); see Ali v. Wang Laboratories, Inc., 162 F.R.D. 165 (M.D. Fla. 1995) (Plaintiff's statements in interrogatory answers characterizing his psychological damage as "severe" and ongoing were sufficient to place his mental condition in controversy for purposes of Fed. R. Civ. P. 35). Plaintiff is seeking damages from Defendant for mental and emotional distress, and it is essential that Defendant has a reasonable opportunity to challenge that

6

claim. See id. Defendant's Motion To Conduct Rule 35 Mental Examination of Plaintiff (Doc. 70) will be granted.

**Sanctions**

In its Motion to Compel Plaintiff's Medical Records, defendant seeks an award of its reasonable expenses, including attorneys' fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. The Federal Rules require the imposition of sanctions for failure to comply with court orders and discovery requests from opposing parties under certain circumstances. Where, as here, a motion to compel has been filed, Rule 37(a)(5)(A) provides:

> (A) *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A), Fed. R. Civ. P.

Defendant will be ordered to submit a verified statement of its reasonable expenses, including attorneys' fees, incurred in connection with its motion to compel. Plaintiff will be provided the opportunity to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Plaintiff's Medical Records (Doc. 67) is **GRANTED**, and Plaintiff shall provide full and complete answers to

Defendant's Interrogatory Nos. 22 and 23, and provide a full and complete response to Defendant's Request for Production No. 33 and all requested information and documents, including authorizations for medical record collection regarding medical treatment Plaintiff received from January 1, 2005 to the present.

**IT IS FURTHER ORDERED** that Plaintiff shall provide such answers, responses, documents and authorizations by **June 30, 2016.**

**IT IS FURTHER ORDERED** that Defendant's Motion To Conduct Rule 35 Mental Examination of Plaintiff (Doc. 70) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall undergo a mental examination in accordance with Defendant's Notice of Rule 35 Mental Examination, on a date and at a time mutually agreeable to the parties.

**IT IS FURTHER ORDERED** that by **June 30, 2016**, defendant shall submit a verified statement of its reasonable expenses, including attorneys' fees, incurred in connection with the Motion to Compel Plaintiff's Medical Records.

**IT IS FURTHER ORDERED** that within seven (7) days of the filing of Defendant's verified statement, plaintiff may file a written response showing justification under Rule 37(a)(5)(A) why the Court should not order her to pay defendant's reasonable expenses, including attorneys' fees, incurred in connection with the Motion to Compel Plaintiff's Medical Records.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of June, 2016.