UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JENNIFER GIERER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-1382 CAS |
| REHAB MEDICAL, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to amend the complaint to conform to evidence. Defendant opposes the motion and has filed a cross motion for sanctions. The motions are fully briefed. For the following reasons, the Court will grant plaintiff's motion for leave to amend the complaint, and deny defendant's cross motion for sanctions.

## Legal Standard

Plaintiff sought leave to amend her complaint nearly seven months after the deadline in the case management order for filing such motion. Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the

scheduling order's deadlines." Sherman, 532 F.3d at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (concluding there was no need to inquire beyond the first criterion, diligence, because the record clearly demonstrated the plaintiff made only minimal efforts to satisfy the scheduling order's requirements)).

**Discussion**

As a threshold matter, the parties do not agree on what relief plaintiff is seeking. Plaintiff has filed a motion for leave to amend the complaint to conform to the evidence. She states that her proposed third amended complaint would simply reflect newly-discovered evidence that defendant has paid her unpaid wages, which renders moot her statutory unpaid wages claim in Count II. In her second amended complaint, Count II was pled as a Missouri statutory claim for unpaid wages and commissions due. Plaintiff proposes to voluntarily dismiss her statutory unpaid wages claim from Count II, while keeping her statutory unpaid commissions claim in Count II. Because plaintiff states she is only voluntarily dismissing the claim for unpaid wages, and alleging no new claims, the motion for leave to amend should be granted. She states she was diligent in moving to amend once she discovered defendant had paid her unpaid wages.

Defendant disagrees. Defendant argues that plaintiff has never pleaded a statutory unpaid commissions claim in Count II. Defendant states that Count II of the proposed third amended complaint brings an entirely new statutory claim for unpaid commissions. (Resp. at 2.) Defendant relies on plaintiff's failure to cite to Missouri Statute § 407.913 governing unpaid commissions in her second amended complaint. Count II of plaintiff's second amended complaint had only cited Missouri Statute § 290.110 governing unpaid wages. Plaintiff's proposed third amended complaint adds the statutory citation governing unpaid commissions to Count II.

The argument between the parties turns on whether plaintiff pleaded enough facts in Count II of her second amended complaint to put defendant on notice of her claim for statutory unpaid commissions. If so, then defendant should have been aware of the statutory unpaid commissions claim, and merely adding the statutory citation to the third amended complaint is not a substantive change. As such, any lack of diligence of plaintiff in seeking to amend the complaint would not bar the proposed amendment because she is not adding a new claim, only adding a citation to the statute.

Federal Rule 8 requires only that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This short and plain statement must provide fair notice of the plaintiff's claim and grounds for relief." Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (internal quotation omitted). Rule 8 also requires courts to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e).

A party is not necessarily required to identify a specific statute in its complaint. See Eckert v. Titan Tire Corp., 514 F.3d 801, 806-07 (8th Cir. 2008) (citing Sagana v. Tenorio, 384 F.3d 731, 736-37 (9th Cir. 2004) and Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 45-46 (2nd Cir. 1997)). Plaintiff did not explicitly cite § 407.913 in her second amended complaint, but titled Count II as "Missouri Statutory Claim for Unpaid Wages and Commissions Due." As the Eighth Circuit has stated, "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." Greenwood v. Ross, 778 F.2d 448, 454 (8th Cir. 1985) (finding plaintiff did not have to specify what statute or part of the Constitution he relied upon as source of § 1983 action).

In Eckert, for example, the Eighth Circuit held that a third party plaintiff, Titan, did not provide sufficient notice to a third party defendant, Eckert, that it was bringing an ERISA claim. In its complaint, Titan had invoked ERISA twice, but only within the jurisdictional section of the complaint. Titan did not mention any ERISA violation in the complaint, and only sought relief on the basis of a breach of the parties' asset purchase agreement.

Here, although plaintiff did not cite the unpaid commissions statute § 407.913 in her second amended complaint, plaintiff brought Count II as a "Missouri Statutory Claim for Unpaid Wages and Commissions Due." (2d Am. Compl. at 36.) In the body of Count II, plaintiff states that her compensation included an annual salary and sales commissions. She claimed her wages and compensation were wrongfully withheld after her termination. She states: "In light of Rehab's knowing and continued violation of Missouri statutory requirements concerning the immediate disbursement of earned wages and compensation to a discharged employee, Plaintiff seeks recovery of the penalty provided for by RSMo. § 290.110, namely, her agreed-upon compensation rate paid for a period of sixty work days following her termination, along with payment of all wages and compensation previously earned and left unpaid." (Id. at ¶ 98).

Although the Court finds that plaintiff's claim in Count II for statutory unpaid wages and commissions due would have been clearer had she cited both statutes under which she was suing, a party is not necessarily required to identify a specific statute in its complaint. See Eckert, 514 F.3d at 806. Construing the pleading as to do justice, plaintiff's second amended complaint provided fair notice to defendant that she was making a claim for statutory unpaid commissions in Count II. Plaintiff titled the claim as a "statutory claim for unpaid wages and commissions," and stated in the

body of the claim that she was owed wages and unpaid compensation at the time of her discharge.[1] The Court will grant plaintiff leave to file her third amended complaint, which voluntarily dismisses her statutory unpaid wages claim but continues to plead her statutory unpaid commissions claim and adds specific reference to § 407.913.

**Sanctions**

In its response, defendant seeks sanctions under 28 U.S.C. § 1927 for plaintiff's alleged unreasonable and vexatious multiplying of the proceedings. (Resp. at 9-13.) Defendant states that plaintiff pursued her unpaid wage claim after "multiple forms of indisputable evidence . . . rendered [it] utterly frivolous." (Id. at 10.) Further, defendant states that the instant motion for leave adds a new claim to the complaint and violates the parties Rule 11 agreement. "Given the history of rancor and malice shown by Plaintiff and her counsel, an award of sanctions is necessary to return this action back to some degree of professionalism and common civility." (Resp. at 12.)

Section 1927 provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Courts have interpreted this statute to warrant sanctions when attorney conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990). "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." Lee v. L.B. Sales, Inc. 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation omitted).

---

[1]Additionally, plaintiff states in her motion and reply brief that her damage calculation in her Rule 26 disclosures included unpaid commission. She states her discovery responses included damages associated with unpaid commissions, and consistently employed the calculation methodology contemplated by § 407.913. (Reply at 2.) Plaintiff argues defendant was on notice of her claims for statutory unpaid commissions.

The Court does not find sanctions under 28 U.S.C. § 1927 warranted. Plaintiff agreed to dismiss her statutory unpaid wages claim after defendant provided proof that the wages had been paid. The lack of trust between the parties contributed to the parties' disagreement regarding whether the wages had been paid. Strictly construing § 1927, the Court does not find that plaintiff's attorney's conduct manifested an intentional or reckless disregard of plaintiff's attorney's duty to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend the complaint to conform to the evidence is **GRANTED**. [Doc. 87]

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket plaintiff's third amended complaint, which was attached as an exhibit to plaintiff's motion for leave.

**IT IS FURTHER ORDERED** that defendant's cross motion for sanctions is **DENIED**. [Doc. 88]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of October, 2016.