# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER GIERER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1382 CAS |
| | ) | |
| REHAB MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Rehab Medical, Inc.'s motion in support of its bill of costs. Plaintiff Jennifer Gierer has filed her response and opposes many of the itemized costs. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant in part and deny in part defendant's motion for bill of costs.

## Background

On March 14, 2017, the Court entered summary judgment in favor of defendant on Count I of plaintiff's four-count Third Amended Complaint, which asserted a claim under the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h). The Court declined to exercise supplemental jurisdiction over the three remaining state law claims and dismissed these claims without prejudice. See Doc. 137. The state law claims were a Missouri statutory claim for unpaid commissions due; unjust enrichment for compensation earned and due; and common-law wrongful termination in violation of public policy. In the accompanying Judgment and Order of Dismissal, the Court assessed costs against plaintiff. Doc. 138.

Within the time allowed under Eastern District of Missouri Local Rule 8.03, defendant filed a motion for bill of costs, a supporting memorandum, and all supporting documentation.

Plaintiff objects to many categories of these costs, and argues that defendant should be awarded only one-fourth of its costs because it prevailed on only one of four counts.

After defendant submitted its bill of costs, plaintiff re-filed in state court the three state law claims that were dismissed without prejudice in this case. On October 25, 2017, defendant removed the new state court case to this Court based on diversity jurisdiction, and the case is currently pending before another judge of this Court. See Gierer v. Rehab Medical, Inc., No. 4:17-CV-2624 HEA (E.D. Mo.) ("Gierer II"). Defendant has moved for summary judgment on plaintiff's three state law claims in Gierer II, and that motion remains pending.

**Discussion**

    A.    Timeliness

Plaintiff first objects to defendant's motion for bill of costs as untimely pursuant to Federal Rule 54(d), which requires a bill of costs to be filed within fourteen days of the Court's entry of judgment. See Fed. R. Civ. P. 54(d). This Court's Local Rule 8.03(A)(1) states, however, that a party has twenty-one days after the date of entry of a final judgment to file a bill of costs. Defendant filed its bill of costs within the twenty-one day time period allowed by the local rules, and it is timely.

    B.    Prevailing Party Under Federal Rule 54(b)

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Plaintiff argues that because defendant prevailed only as to Count I and the Court declined to exercise supplemental jurisdiction over Counts II through IV, the Court must consider whether the costs sought are reasonable in relation to the

success achieved. Plaintiff asserts that defendant's costs should be reduced to one-fourth of the amount it seeks, because defendant prevailed on only one of her four claims.

"It is generally true that status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way." Jenkins v. State of Mo., 127 F.3d 709, 714 (8th Cir. 1997). This is because "[a] party who is only partially successful also can be deemed a prevailing party. Consequently, a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims." Boswell v. Panera Bread Co., No. 4:14-CV-1833 AGF, 2016 WL 4415350, at *1-2 (E.D. Mo. Aug. 19, 2016) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2667 (3d ed.)). "The fact that a party does not prevail on all of its claims does not . . . preclude it from being the prevailing party for purposes of awarding costs under Rule 54(d)." Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V., 464 F.3d 1339, 1347 (8th Cir. 2006). Similarly, the fact that a party prevails on one of its claims does not necessarily dictate that that party is the prevailing party for purposes of awarding costs. Id.

"Cost awards are committed to the discretion of the district courts, and there is no rule requiring courts to apportion costs according to the relative success of the parties." Kemin Foods, id. at 1348. "In fact, apportioning costs according to the relative success of the parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." Id. (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.101[1][b] (3d ed. 2006)).

Here, the instant case is in an unusual procedural posture. While defendant prevailed as to the federal claim in Count I—and thus, is the prevailing party in Gierer I—the remaining three

3

state law counts asserted by plaintiff and dismissed without prejudice in this case are now pending before the Court in Gierer II. If plaintiff prevails in Gierer II, she would be entitled to an award of her costs in that case. Under these circumstances, the Court in the exercise of its discretion finds it appropriate to limit defendant's cost award to one-fourth of its costs based on its partial success in Gierer I.[1]

The Court now turns to the specific items of cost sought by defendant, and plaintiff's objections thereto.

C. Depositions

Defendant seeks costs for printed and electronically recorded deposition transcripts in the amount of $11,556.66 for the depositions of plaintiff, Vicky Accardi, Jenna Domeck, Douglas Deck, Jared Rankin, Kevin Gearheart, Julie Probus-Schad, Elizabeth Prior, M.D., and Laura Chakes, Psy.D. Plaintiff objects to the costs, stating that the only transcripts defendant used in its summary judgment motion were that of plaintiff, Vicky Accardi, Kevin Gearheart, Jenna Domeck, and Jared Rankin. Plaintiff also objects to the "videographic deposition costs."

The Court has broad discretion to tax costs of depositions which are reasonably necessary to the case and which were not taken purely for investigative purposes. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (finding district court does not abuse its discretion in awarding costs for depositions not used at trial); Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Absent specific objections that depositions were improperly

---

[1] Because Gierer I and Gierer II do not involve the potential for joint and several liability of losing parties for costs, the Court finds that the reasoning of In re Derailment Cases, 417 F.3d 840 (8th Cir. 2005) (court should have held taxation award in abeyance until all related actions were resolved), does not apply here. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 764 (8th Cir. 2006) (distinguishing In re Derailment Cases as based on joint and several liability of the losing parties). Further, because the Court will have an additional opportunity to address the appropriate award of costs between the parties following the entry of final judgment in Gierer II, it is appropriate to proceed to tax costs in this case.

taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted).

Plaintiff objection to the costs of depositions of the medical care providers is without merit. The medical care providers were called to testify at deposition as to plaintiff's damages for emotional distress, which were at issue. Although damages were not at issue in defendant's summary judgment motion, damages certainly would have been addressed at trial. The costs incurred in deposing plaintiff's medical care providers regarding plaintiff's damages were necessarily obtained for use in the case. Further, although defendant might not have relied on the deposition transcripts on summary judgment, this alone does not establish the depositions did not reasonably seem necessary at the time they were taken. Defendant has established to the Court's satisfaction that the depositions of these witnesses reasonably seemed necessary at the time they were taken.

Additionally, contrary to plaintiff's argument, expenses associated with video depositions are recoverable under § 1920. Stanley v. Cottrell, Inc., 784 F.3d 454, 467 (8th Cir. 2015). The Eighth Circuit has held that § 1920 permits taxation of the costs associated with both printed and electronically recorded transcripts of the same deposition as long as each is "necessarily obtained for use in a case." Id. The only video deposition for which defendant seeks costs is the video deposition of plaintiff Jennifer Gierer. The Court finds the video deposition of Jennifer Gierer was necessarily obtained for use in this case.

The Court will award defendant costs in the amount of $2,889.17, which is one fourth of the total it incurred in deposition costs for plaintiff, Vicky Accardi, Jenna Domeck, Doug Deck, Elizabeth Prior, Jared Rankin, Kevin Gearheart, Julie A. Probus-Schad, and Laura Chakes.

5

D. <u>Witness Fees</u>

Next, defendant seeks costs of $4,549.94 for witness fees for non-party witnesses Vicky Accardi ($2,840.35), and Jenna Domeck ($509.59), who were noticed for deposition by plaintiff's counsel, and $1,200 in expert witness fees it paid to Dr. Laura Chakes, plaintiff's rebuttal expert. Plaintiff objects to paying costs for Ms. Accardi's lodging, meals, and mileage for attending her own and other depositions in this case. Plaintiff states defendant is not entitled to recover for its corporate representative's general participation in the case, and the Court should reject the $2,840.35 claimed for Vicki Accardi. Plaintiff also objects to the $509.59 in costs for Jenna Domeck's travel. Plaintiff states the deposition of Ms. Domeck was held in St. Louis for the convenience of defendant's attorney, and plaintiff's counsel had offered to travel to Kentucky to take Ms. Domeck's deposition. Plaintiff objects to the claimed costs as to expert Dr. Chakes on the basis that expert witness fees are not taxable costs under the cost statute.

The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821. <u>Crawford Fitting</u>, 482 U.S. at 440. In relevant part, § 1821 provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> . . . .
>
> (c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(a)(1), (c)(2).

With respect to witness subsistence, 28 U.S.C. § 1821 provides:

> (d)(1)  A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (d)(2)  A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821(d)(1), (2).

### (a)  Ms. Vicky Accardi

The Court agrees with plaintiff that the costs associated with Ms. Accardi's attendance as a corporate representative at the depositions of plaintiff, Doug Deck, Jenna Domeck, Jared Rankin and Kevin Gearhart are not recoverable under § 1821.  Nor are the fees defendant incurred in the rental of a hotel conference room to host the depositions of defendant's employees.  These fees are not specifically covered under § 1821, and defendant has cited no authority for its position that these costs are recoverable.

The Court will allow Ms. Accardi's witness fees incurred in taking her own deposition and her attendance at the two-day mediation.  This Court has found that the party witness exception of § 1821 does not bar recovery of witness fees for a party's corporate representative. See Jo Ann Howard & Assocs., P.C. v. Cassity, 146 F.Supp.3d 1071, 1082-83 (E.D. Mo. 2015).  Therefore, although Ms. Accardi's deposition was taken under Rule 30(b)(6) as a corporate representative, this does not bar recovery of witness fees by defendant.  Additionally, Ms. Accardi's attendance at the two-day mediation was compelled by Local Rule 6.02(B) and Court's Order Referring Case to ADR dated March 1, 2016 (Doc. 58), and are thus taxable under § 1821(a)(1).  The Court finds that costs associated with Ms. Accardi's overnight stays for her

deposition and the two-day mediation are $374.22 (calculated at hotel $125.00 x three nights; plus mileage $330.63 x three trips; plus meals $40 x two days; plus meals $50 x one day; divided by four to reflect defendant's success only as to Count I).[2]

### (b) Ms. Jenna Domeck

The parties dispute whether Ms. Jenna Domeck's travel to St. Louis for her deposition was required. Plaintiff states her counsel volunteered to take the deposition in Louisville where Ms. Domeck works, as opposed to St. Louis. The parties ultimately agreed to conduct the deposition in St. Louis, and therefore the Court will tax the costs of Ms. Domeck's attendance at deposition to plaintiff. The Court finds the costs for Ms. Domeck's travel to St. Louis will be taxed against plaintiff in the amount of $127.40, which is one-fourth of the total of $509.59, which was submitted.

### (c) Dr. Laura Chakes

Plaintiff objects to defendant's cost request for $1,200 in expert witness fees it paid to Dr. Laura Chakes, plaintiff's rebuttal expert. Plaintiff states that fees charged by expert witnesses, above the standard daily attendance fee of $40 for lay witnesses, are not considered taxable costs under the cost statute. Plaintiff is incorrect. The Eighth Circuit has found that § 1920(6), when read together with Federal Rule of Civil Procedure 26(b)(4)(A), allows a party to recover witness fees related to the costs of deposition of expert witnesses. See Stanley, 784 F.3d at 464-65 (finding the district court did not err in awarding expert witness fees under § 1920(6)). Under Eighth Circuit law, the Court will allow defendant to collect its $1,200 expert witness fees paid

---

[2]Pursuant to applicable General Services Administration guidelines, the following per diem fees apply for stays in St. Louis: Hotel, $125 per night; meals and incidentals, $54 per day; and mileage, .535 cents per mile.

to Dr. Laura Chakes. The Court will tax only one-fourth of these fees, however, to reflect defendant's success only on Count I, making the amount taxed to plaintiff $300.

The total amount of taxable costs for witness fees of Ms. Accardi, Ms. Domeck, and Dr. Chakes is $801.62.

E.   Defendant's Fees for Exemplification and Copies

Finally, defendant seeks costs for thirty invoices of copy services in the amount of $2,253.06. Section 1920(4) allows fees for exemplification and the costs of copies where the copies are "necessarily obtained" for use in the case. See Stanley, 784 F.3d at 467. Plaintiff objects to many of these costs, stating they should be denied to the extent they were incurred for scanning, Bates-labeling, binding, and for color copies, because these expenses are outside the scope of taxable costs under 28 U.S.C. § 1920(4).

While this Court has allowed costs for scanning documents on at least one occasion, based on the documentation defendant has submitted, the Court cannot determine that the scanning was "necessarily obtained" for use in the case. Unlike cases in which scanning was taxed as an expense, here the Court has no information from which it could determine that the parties agreed to produce documents in electronic format. Compare Hernandez v. Bridgestone Ams. Tire Operations, LLC, 831 F.3d 940, 949 (8th Cir. 2016) (per curiam) (district court's finding that scanning costs were noncompensable administrative costs that should have been included in the firm's overhead was not an abuse of discretion); with Jo Ann Howard & Assocs., 146 F.Supp.3d at 1084 (where parties stipulated to produce all ESI in a particular manner, including metadata, court found taxable all costs associated with producing documents in this manner, including scanning and formatting). The invoices submitted by defendant are itemized only as "scanning," without reference to any discovery requests or the party for which the

scanning was being done. Upon review of the invoices, the Court agrees with plaintiff's objection and will not tax costs for defendant's invoices for scanning, Bates-labeling, binding, and color copies. The Court finds plaintiff's detailed analysis of the thirty invoices for copies and exemplification is persuasive, and adopts and incorporates it in full. See Doc. 141 at 7-8. The Court will award $217.94 to defendant as one-fourth of the allowable costs of copies and exemplification.

**Conclusion**

For the foregoing reasons, the Court will grant defendant's motion for bill of costs in part and tax as costs the following: $2,889.17 fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $801.62 fees for witnesses; and $217.94 fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. The total amount taxed as costs is $3,908.73.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for bill of costs is **GRANTED in part** and **DENIED in part**, as set forth above. [Doc. 139]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of defendant Rehab Medical, Inc. and against plaintiff in the total amount of Three Thousand Nine Hundred Eight Dollars and Seventy-Three Cents ($3,908.73). [Doc. 139]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of March, 2018.